WILLIAM HAROLD ERWIN, BY J. D. ERWIN, HIS FATHER,
AS NEXT FRIEND,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

1. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* is not applicable to the State.

2. RES ADJUDICATA—*effect of rejection of claim.* If the Court of Claims reject a claim, such rejection concludes the claimant, unless the Court otherwise directs.

Kraus, Alschuler and Holden, for Claimant.
W. H. Stead, Attorney General, for State.

The petition in this case discloses that the claimant, William H. Erwin, was a student in the College of Agriculture at the State of Illinois; that he was employed by one of the instructors at the College of Agriculture to work at the beef cattle barns, and that while so employed and assisting in caring for the cattle, under the direction of the Superintendent, he was severely injured, as the claimant alleges, by reason of the negligence of the Superintendent.

The State, by the Attorney General, has filed a demurrer, which directly raises the question as to the liability of the State, for the negligence of its officers, servants or agents. The question involved in this demurrer has been decided adversely to the claimant in a great many cases in this Court. The points made by attorneys for claimant in their argument have been decided adversely to their contention in the case of *Schmidt* v. *State of Illinois,* I. C. C. R., 76.

In our opinion the claimant does not show a legal or equitable claim against the State of Illinois. The demurrer is therefore sustained and the claim dismissed.

Section 7 of the Act creating the Court of Claims is as follows: ''In case said Court shall reject any

claim, so filed as aforesaid upon the hearing thereof, such rejection shall conclude the claimant unless said Court shall otherwise direct." Under the power thus conferred upon us by the above section, we direct that claimant shall not be concluded by the above finding.